T.C. Memo. 2018-132

UNITED STATES TAX COURT

RAGHVENDRA SINGH AND KIRAN RAWAT,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6093-16.                     Filed August 22, 2018.

Raghvendra Singh and Kiran Rawat, pro sese.

Tyson R. Smith, Sharyn M. Ortega, and Brian A. Pfeifer, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a deficiency in petitioners'

Federal income tax of $35,821 and a section 6662(a) accuracy-related penalty of

[*2] $7,164.20 for taxable year 2012.[1] The issues for decision are whether petitioners are: (1) entitled to cost of goods sold (COGS) and various deductions claimed on a Schedule C, Profit or Loss From Business; (2) entitled to deductions for home mortgage interest and property taxes claimed on a Schedule A, Itemized Deductions; (3) entitled to a deduction for purported losses they did not claim on their return; and (4) liable for a section 6662(a) accuracy-related penalty.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. We incorporate paragraphs 1, 3, 4, and 6 of the stipulation of facts and accompanying Exhibits 1-J and 3-P by this reference. Petitioners resided in California when they filed their petition.

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 2012. The return included a Schedule C for a "Repair and Sales" business. On the Schedule C petitioners reported COGS of $100,604 and deductible expenses of $37,912. Petitioners reported these expenses as follows:

---

[1] All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]

| Expense | Amount |
|---|---|
| Travel | $3,624 |
| Taxes and licenses | 556 |
| Supplies | 734 |
| Other business property | 456 |
| Commissions and fees | 416 |
| Advertising | 502 |
| Utilities | 3,462 |
| Meals and entertainment | 184 |
| Repairs and maintenance | 4,632 |
| Office expense | 3,136 |
| Insurance | 1,632 |
| Car and truck | 4,420 |
| Legal and professional services | 13,624 |
| Rent for vehicles, machinery, and equipment | 534 |
| Total | 37,912 |

Petitioners' return also included a Schedule A, on which petitioners claimed a deduction of $31,009 for home mortgage interest and a deduction of $29,321 for real estate taxes.

Respondent issued a notice of deficiency to petitioners for their taxable year 2012 disallowing all of petitioners' Schedule C deductions and COGS. Respondent also disallowed petitioners' Schedule A deductions for home mortgage interest and real estate taxes. Additionally, respondent determined that petitioners are liable for the accuracy-related penalty under section 6662(a).

**[*4]** Petitioners timely petitioned this Court. In their petition they alleged that respondent "refused to consider other losses."

OPINION

I. Burden of Proof

As a general rule, the Commissioner's determinations of a taxpayer's liability in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed.[2] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

When the taxpayer establishes that he has paid or incurred deductible expenses but is unable to substantiate the exact amounts, we can estimate the deductible amount in some circumstances, but only if the taxpayer presents

---

[2] Sec. 7491(a) provides that if, in any Court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtit. A or B and meets other prerequisites, the Secretary shall have the burden of proof with respect to that issue. Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). However, petitioners have neither claimed nor shown that they satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent. Accordingly, petitioners bear the burden of proof. See Rule 142(a).

[*5] sufficient evidence to establish a rational basis for making the estimate (Cohan rule). See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). In estimating the amount allowable, we bear heavily upon the taxpayer whose inexactitude is of his own making. See Cohan v. Commissioner, 39 F.2d at 544. There must be sufficient evidence in the record to permit us to conclude that a deductible expense was paid or incurred. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

For certain kinds of business expenses, section 274(d) overrides the Cohan rule. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that no deduction is allowed with respect to travel, entertainment, or listed property (as defined in section 280F(d)(4)) unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of expense or item; (2) the time and place of the travel, entertainment, or expense; (3) the business purpose of the entertainment or expense; and (4) the business relationship to the taxpayer of the person or persons entertained.

[*6] II.     Petitioners' Schedule C

A.     Expenses

Section 162(a) permits a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business.  See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971).  A trade or business expense is ordinary if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, 290 U.S. at 113-114.

On their Schedule C petitioners claimed deductions of $37,912 for various expenses.  However, petitioners did not offer any receipts or other reliable evidence to show that their claimed expenses were actually paid in 2012.  Instead they offered vague and uncorroborated testimony, along with a 2012 statement of expense allegedly prepared by their accountant Kate Szasz.

The statement lists purported payments for machinery, cars, trucks, attorney's fees, and "compensation".  We are unable to rely on this document.  Ms. Szasz, who prepared the statement, was not present at trial.  While we believe petitioner husband's testimony that Ms. Szasz is deceased, it is unclear from the record how she calculated petitioners' purported expenses.  Furthermore, the

[*7] attorney's fees listed on the expense statement do not match the amount of the deduction on the Schedule C. With respect to the car and truck expenses, the statement does not specify the business purpose of the vehicles and therefore fails to satisfy the requirements of section 274.[3]

On the basis of the record before us, petitioners have not established that they paid or incurred their reported Schedule C expenses in 2012. Accordingly, we sustain respondent's determination to disallow petitioners' Schedule C deductions.

B.    COGS

On their Schedule C petitioners reported COGS of $100,604, which respondent disallowed in full.

COGS is subtracted from gross receipts to compute gross business income. Sec. 1.61-3(a), Income Tax Regs. It is not a deduction and is not subject to the limits on deductions in section 162, Metra Chem. Corp. v. Commissioner, 88 T.C. 654, 661 (1987), but any amount reported as COGS still has to be substantiated,

---

[3] Petitioner husband testified that his business records were destroyed in a fire. It is well established that the Court may permit a taxpayer to attempt to substantiate deductions through secondary evidence where the underlying documents have been unintentionally lost or destroyed. Boyd v. Commissioner, 122 T.C. 305, 320-321 (2004); Furnish v. Commissioner, T.C. Memo. 2001-286, slip. op. at 11. However, in this case, petitioners' evidence consists of unreliable documents and equivocal testimony.

[*8] King v. Commissioner, T.C. Memo. 1994-318, 1994 WL 330613, at *2, aff'd

without published opinion, 69 F.3d 544 (9th Cir. 1995). Because petitioners have

not presented any reliable evidence to establish that they had any COGS, we

sustain respondent's disallowance.

III.    Petitioner's Schedule A

We next address the issues of petitioners' Schedule A deductions for home

mortgage interest and real estate taxes.

A.      Home Mortgage Interest

Petitioners claimed a deduction of $31,009 for home mortgage interest.

Respondent argues that petitioners have not substantiated their home mortgage

interest expense.

Generally, a taxpayer may claim a deduction for "all interest paid or accrued

within the taxable year on indebtedness." Sec. 163(a). Indebtedness has been

held to mean an unconditional and legally enforceable obligation for payment of

money. Linder v. Commissioner, 68 T.C. 792, 796 (1977). However, a taxpayer

generally is not allowed a deduction for personal interest paid or accrued during

the taxable year. Sec. 163(h). There is an exception to this rule under section

163(h)(2)(D) which allows a deduction for qualified residence interest. A

[*9] qualified residence is the taxpayer's personal residence and one other residence of the taxpayer. Sec. 163(h)(4)(A).

Petitioner husband testified that the mortgage interest deduction pertained to their Elk Grove, California, residence, which they purportedly purchased in 2009 for $350,000.[4] However, he was unable to recall the amount of his monthly mortgage payment in 2012. Petitioners also failed to proffer any Forms 1098, Mortgage Interest Statement, reflecting home mortgage interest paid to creditors.

The Cohan rule allows us to estimate the amount of certain deductible expenses, but only when there is sufficient evidence in the record to support such an estimate. See Cohan v. Commissioner, 39 F.2d at 543-544. In the present case there is little evidence that petitioners paid or even had a mortgage in 2012. Even if they did, the record does not establish how much of any yearly mortgage payment is allocable to interest. Accordingly, because we cannot ascertain with any certainty the existence or amount of any home mortgage interest payments, we sustain respondent's determination.

B.    Real Estate Taxes

Respondent also disallowed petitioners' deduction of $29,321 for real estate taxes. Section 164(a)(1) allows taxpayers to deduct "State and local, and foreign,

---

[4] Petitioners listed a post office box as their address on their 2012 return.

**[*10]** real property taxes." At trial petitioner husband testified that petitioners paid real estate taxes on various properties. However, petitioners did not identify the properties or offer documents corroborating petitioner husband's vague testimony. Because petitioners have not presented reliable evidence supporting their deduction for real estate taxes, we sustain respondent's determination.

## IV. Other Losses

At trial and on brief petitioners argued that they are entitled to deduct certain losses for 2012 that they did not claim on their return (other losses). Petitioners presented no reliable evidence that establishes their entitlement to these other losses. On the basis of our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that for the year in issue they are entitled to deduct certain other losses.

## V. Section 6662(a) Accuracy-Related Penalty

Finally we consider whether petitioners are liable for an accuracy-related penalty under section 6662(a).

Pursuant to section 6662(a) and (b)(1), a taxpayer may be liable for a penalty of 20% on the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. However, a taxpayer is not liable for the accuracy-related penalty if there was reasonable cause for that portion of the

[*11] underpayment and the taxpayer acted in good faith.  Sec. 6664(c)(1); sec.

1.6664-4(a), Income Tax Regs.

The Commissioner has the burden of production with respect to the

accuracy-related penalty.  Sec. 7491(c).  To meet this burden, the Commissioner

must produce sufficient evidence indicating that it is appropriate to impose the

penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The

Commissioner's burden of production under section 7491(c) includes establishing

compliance with the written supervisory approval requirement of section 6751(b).[5]

Graev v. Commissioner, 149 T.C. ___, ___ (slip op. at 14) (Dec. 20, 2017),

supplementing and overruling in part 147 T.C. 460 (2016); see also Chai v.

Commissioner, 851 F.3d 190, 222 (2d Cir. 2017) (citing Higbee v. Commissioner,

116 T.C. at 446), aff'g in part, rev'g in part T.C. Memo. 2015-42.  If the

Commissioner satisfies his burden, the taxpayer then bears the ultimate burden of

persuasion.  Higbee v. Commissioner, 116 T.C. at 446-447.  The taxpayer may

meet his burden by proving that he acted with reasonable cause and in good faith

with respect to the underpayment.  See sec. 6664(c)(1); see also Higbee v.

Commissioner, 116 T.C. at 447; sec. 1.6664-4(b)(1), Income Tax Regs.

_____

[5] Sec. 6751(b) requires written supervisory approval of the initial
determination of certain penalties.

[*12] Respondent did not introduce evidence of written supervisory approval of the initial determination of the penalty before us. Accordingly, respondent did not meet his burden of production, and we do not sustain his imposition of the section 6662(a) accuracy-related penalty. See secs. 6751(b), 7491(c); Graev v. Commissioner, 149 T.C. at __ (slip op. at 14-15).

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant, moot, or without merit.

To reflect the foregoing,

> Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty under section 6662(a).